## JACOB JONES

### *v.*

## THE STATE OF ILLINOIS.

*Opinion filed December 12, 1890.*

WATERS—*damages caused by construction of dam by State.* The Commission reviews the evidence and finds that the claimant is entitled to an award of $100 for damages to his land caused by the construction of Copperas Creek dam by the State.

Jacob Jones the claimant in this case filed his petition on the 20th day of October, A. D. 1879, charging that on the 20th day of October, A. D. 1877, and before and since that time he was the legal owner of the north half of the northeast quarter (N. E. ¼) of section twenty-seven; the southwest quarter of the southeast quarter of section twenty-seven; the northeast quarter of the northeast quarter of section thirty-four; and the northeast quarter of the southeast quarter of the northeast quarter of section thirty-four, all in township twenty-eight, north range three west. That said lands are all situated in the bottoms bordering on the Illinois river and all are subject to inundation from floods and high water in said river. That during the months of May to October, inclusive, of each year said river is usually at or near low water mark and the lands above described left dry and yielding large crops. That in the month of October, 1877, by virtue of the authority of the State of Illinois, a dam was constructed across said river near Copperas Creek. That by reason of said dam having been built the water in said river has backed upon and over said dam and thereby most of said lands have become water soaked and soft to such an extent that they no longer bear animals with safety and have become unproductive, liable to frequent overflows and almost worthless and will so remain forever. That thereby claimant has been damaged seven hundred and thirty dollars.

To this petition the Attorney General pleads the general issue and the statute of limitations.

The construction of the Copperas Creek dam is claimed as the immediate cause of the damages to claimant's lands. The dam was closed on the 22d day of October, A. D. 1877. Claimant's petition was filed October 20, A. D. 1879, within two years after said dam was closed. The claim is not therefore barred by the statute of limitations.

Mr. Wilson the surveyor who was appointed by an order of the Commission to go upon and examine these lands and to report his findings has not made an examination of claimant's lands.

An erroneous description of claimant's lands in the original petition which has since been corrected by amendment will no doubt account for the surveyor's omission to report in this case.

We find in this case a large amount of evidence going to show that the lands described in the amended petition are wet and for some cause less productive than they were prior to the construction of the dam. Quite a large number of witnesses produced are of the opinion that the wet condition of the lands since the construction of the dam is caused by the overflow or backing of the water up to such a point as to cause the under draining on this land to be affected and the land to become water soaked to such an extent that claimant's lands are damaged from six to fifteen dollars per acre.

A large proportion of the lands on which damages are claimed are of eighteen or twenty feet above old low water mark and are near the bluffs where the wet condition is evidently caused by springs from the bluffs. We cannot see how it is possible for lands located fifteen feet above the top of the Copperas Creek dam to be damaged by the construction of that dam.

We find however that a small part of claimant's lands are so low that in our opinion such part of said lands

are to a limited extent damaged by the construction of the dam. We have fixed the amount of the damages of this claimant at one hundred dollars ($100.00.)